ALDEN v. SUPREME TENT OF KNIGHTS OF MACCABEES OF THE
WORLD.

(Supreme Court, Appellate Division, Fourth Department.   December 2, 1902.)

1. INSURANCE—ANSWERS IN APPLICATION—WARRANTIES OR REPRESENTATIONS.
    Where insured's application declared the answers made by him therein,
    to be true, and agreed that such answers, the application, etc., should
    form the basis of the contract of insurance, and that any untrue answers
    should vitiate the contract, but the certificate of insurance made no refer-
    ence in any way to the application or the answers or agreement therein
    contained, the answers were not warranties, but representations, and
    would not vitiate the certificate even if untrue, unless fraudulently made,
    or material to the risk, or made in bad faith.

2. SAME—FRAUDULENT REPRESENTATIONS—BURDEN OF PROOF.
    The burden of proving that representations made by insured in his
    application were fraudulent, and made in bad faith, is on the company.

3. SAME—EVIDENCE—ADMISSIBILITY.
    On an issue whether insured's answer in his application to the effect
    that he had never been rejected, which was untrue, was made fraudu-
    lently, and in bad faith, evidence was admissible to show that at the
    time he made it the agent knew about a prior rejection, but told insured
    to make the answer as he did, and that he would take the application
    with him, and explain the prior rejection to the company.

4. APPEAL—EXCEPTIONS—NECESSITY.
    The court will, in extraordinary cases, and in the furtherance of justice,
    review questions as to the admissibility of evidence, though no exception
    has been taken to the ruling excluding it.

Appeal from trial term, Cattaraugus county.

Action by Bridget Alden against the Supreme Tent of the Knights
of the Maccabees of the World.   Verdict directed for defendant, and
plaintiff appeals.   Reversed.

Argued before McLENNAN, WILLIAMS, HISCOCK, and
DAVY, JJ.

William G. Laidlaw and Philip A. Laing, for appellant.
Love & Quackenbush, for respondent.

WILLIAMS, J.   The judgment should be reversed, and a new
trial ordered, with costs to the appellant to abide event.   The action
was upon an endowment certificate for $2,000, issued to Sterling B.
Alden, plaintiff's husband, by the defendant, in March, 1889.   The
defense was based upon alleged false and fraudulent statements in
the application for the certificate.   It was made to the Sandusky
tent.   May 1, 1888, an application was made to the Johnsonburg tent,
and on such former application the medical examiner's report show-
ed that the action of insured's heart was unsteady, and thereupon
his application was rejected, and he was notified of such rejection.
In the application made for the certificate upon which this action
is brought, the insured, in answer to a question, stated that he had
never been rejected by any life insurance company or association.
This is the main representation relied upon as false and fraudulent,
and as defeating a recovery upon this certificate.   In the application
the insured declared the answers made by him therein to be fair and
true, and agreed that such answers, the application, and constitu-

tion of the defendant should form the basis of the contract for insurance, and that any untrue or fraudulent answers, etc., should vitiate the certificate and forfeit all payments made thereon. The certificate itself, however, made no reference in any way to the application, or the answers, or agreement therein contained. This being so, the answers could not be regarded as warranties, but only as representations, and they would not, even if untrue, operate to vitiate the certificate, unless they were fraudulently made, or were material to the risk, and were made in bad faith. And the burden of showing such fraud and bad faith would be upon the defendant. Fitzgerald v. Association, 39 App. Div. 568, 56 N. Y. Supp. 1005, and cases therein referred to, affirmed in 167 N. Y. 568, 60 N. E. 1110. The answer in question was material to the risk. It was untrue, and was known to the insured to be untrue when he made it. Very likely, in the absence of any proof on the part of the plaintiff in explanation of the making of the answer, fraud and bad faith would be inferred, and the court be justified in taking these questions from the jury, and directing a nonsuit or verdict for the defendant. The plaintiff attempted to give some proof by way of explanation to avoid the inference or conclusion of fraud or bad faith. The application was taken by one Spring, who was designated as a special organizer, and the witness Lewis was with him at the time. Lewis testified that he knew of the insured's former application and rejection, and was then asked if he knew of any communication or transaction about it at the time the present application was made, and plaintiff offered to show that Spring knew about such former application and rejection, and told the insured to make the answer in question, and that he (Spring) would take the application with him, and explain the former rejection to the defendant; that Spring superintended the making of the answers in this application, and that it was done precisely as he requested it to be done. This evidence was objected to by the defendant, and was excluded by the court. The record, does not, however, show that any exception to the ruling was taken by the plaintiff. This court has power to review this ruling in the absence of an exception. Such power, however, is not usually exercised. If a party desires to raise a question as to the admissibility of evidence, he should take his exception to the ruling, so that the court may, in view of the exception being taken, if it desires, consider more carefully, the ruling made, and, if deemed advisable, recall such ruling. And in the absence of such exception the court should not review the ruling, except in extraordinary cases, and thus establish a precedent which would render the taking of exceptions of little practical importance. We have exercised this power in a few cases,—one very recently,—and, under the circumstances of this case, and in furtherance of justice, we think the power should be exercised here. This evidence was clearly competent, and should have been admitted as bearing upon the questions of fraud and bad faith hereinbefore referred to. The credibility of the witness would have been for the jury, and they could have believed or disbelieved the evidence. If it had been received, however, the court would not have been authorized to dispose of the case itself, but would have been obliged to

submit these questions to the jury. The defendant seems to have received payments from the insured upon the certificate during his lifetime, and he appears to have regarded the certificate as valid while he lived. His widow should not be deprived of the benefits intended to be secured to her under the certificate, unless the insured, by his actual fraud and bad faith, forfeited all rights under such certificate. Failure of counsel upon the trial to take exception, ought not alone, under all the circumstances of this case, to have the effect of defeating a recovery which otherwise might have been had upon the certificate. A full, fair trial upon the merits should be afforded the plaintiff, and this can only be brought about by the reversal of this judgment and the granting of a new trial.

The views herein expressed lead us to conclude that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event, upon questions of law only, the facts having been examined, and no error found therein. All concur.